**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Martin N. Jensen, SBN 232231
Lauren E. Calnero, SBN 284655
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Plaintiffs,
REMARK ENTERPRISES, LLC and
US CRYOTHERAPY DIRECT SALES, LLC

JEFFER, MANGELS, BUTLER & MITCHELL, LLC
Matthew S. Kenefick, SBN 227298
Afua Adjei, SBN 300059
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111-3813
MKenefick@JMBM.com
AfA@JMBM.com

Attorneys for Specially Appearing Defendants,
MECOTEC GMBH and MECOTECH SALES GMBH

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMARK ENTERPRISES LLC and, US CRYOTHERAPY DIRECT SALES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MECOTEC GMBH and MECOTEC SALES GMBH, <br><br> Defendants. | CASE NO. 2:16-cv-00755-JAM-CKD <br><br> **JOINT STATUS REPORT** <br><br> Judge Hon. John A. Mendez <br><br> Complaint Filed: April 13, 2016 <br> Trial: April 2, 2018 |

Plaintiffs, Remark Enterprises LLC ("**Remark**"), US Cryotherapy Direct Sales LLC ("**Direct Sales**" collectively with Remark, "**Plaintiffs**"), and Defendants, Mecotec GMBH, and

{01748131.DOCX}     1

**JOINT STATUS REPORT**

Mecotec Sales GMBH (collectively, **MecoTec**") (collectively the "**Parties**"), by and through their attorneys of record, hereby stipulate as follows:

## RECITALS

A. On January 27, 2016, MecoTec instituted arbitration proceedings in the International Chamber of Commerce against Plaintiffs (the "**ICC Arbitration**").

B. On April 13, 2016, Plaintiffs filed their Complaint against Defendants in the United States District Court, Eastern District of California, thereby commencing this Action.

C. On September 15, 2016, MecoTec filed its motion to compel Plaintiffs to arbitrate their disputes as part of the ICC Arbitration.

D. In opposition to MecoTec's motion to compel Plaintiffs to arbitrate their claims, Plaintiffs raised the argument that the underlying agreement which contained the arbitration clause at-issue (the "**Exclusive Distribution Agreement**") was a draft document and not an operative contract.

E. On November 23, 2016, the Court entered its Order Re Trial of Issues on Validity of Distribution Agreement (Document No. 30) Scheduling for October 16, 2017, a trial on the issue of whether the Exclusive Distribution Agreement was a draft agreement and binding on Remark. Pretrial conference was scheduled for September 1, 2017, with a joint pre-trial conference statement due on August 25, 2017. This order did not affect Direct Sales as the Court found that Direct Sales was not subject to the arbitration provisions of the Exclusive Distribution Agreement.

F. On June 8, 2017, the Final Award was issued in the ICC Arbitration.

G. Following issuance of the ICC Arbitration Final Award, Remark has moved to enter its judgment in Germany.

H. Remark contends that MecoTec has a payment obligation to Remark related to the ICC judgment in Germany.

I. The Parties are continuing to discuss the concept of a global settlement.

{01748131.DOCX} 2

JOINT STATUS REPORT

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

J. On December 4, 2017, the Parties submitted a Joint Status Report and Stipulation requesting that the Court set a status conference to occur in approximately 60 days to address the remaining claims of Direct Sales if the Parties' settlement negotiations are unsuccessful. See Doc. No. 40.

K. On December 4, 2017, the Court signed the Stipulation and directed the Parties to file a Joint Status Report on or before January 19, 2018 to address the status of Direct Sales' claims in this Action in the event that a global settlement is not reach by such date. See Doc. No. 41.

L. The Parties submit that the global settlement negotiations are ongoing, and in order to further facilitate those negotiations, the Parties request the Court set a status conference to occur in approximately 60 days, on a date that is convenient for the Court, to address the remaining claims of Direct Sales if the Parties' settlement negotiations are unsuccessful.

## STIPULATION

1. The Parties request that the Court set a status conference to occur in approximately 60 days, on a date that is convenient for the Court, to address the remaining claims of Direct Sales if the Parties' settlement negotiations are unsuccessful.

**IT IS SO STIPULATED:**

Dated: January 19, 2018          PORTER SCOTT
                                  A PROFESSIONAL CORPORATION

                                  By:   /s/ Martin N. Jensen
                                        Martin N. Jensen
                                        Lauren E. Calnero
                                        Attorneys for Plaintiffs

Dated: January 19, 2018          JEFFER MANGELS BUTLER & MITCHELL LLP

                                  By:   /s/ Matthew S. Kenefick
                                        Matthew S. Kenefick
                                        Afua Adjei
                                        Attorneys for Specially Appearing
                                        Defendants MECOTEC GMBH and
                                        MECOTEC SALES GMBH

{01748131.DOCX}                           3

## ORDER

The Court, having considered the Joint Stipulation, hereby orders as follows:

1. A joint status report shall be filed on or before March 20, 2018 to address the status of Direct Sales' claims in this Action in the event that a global settlement is not reached by such date.

**IT IS SO ORDERED.**

Dated: January 22, 2018

United States District Court Judge